Chief Justice Bibb,

not concurring with the majority of the court, in the decision that the deed executed by the attornies in fact, was not effectual to pass the title of the principal, delivered his oion opinion.

I concur in the opinion delivered, except in that part which supposes that the execution of the deed by the attorney, is not sufficient to pass the estate of the principal, and in the consequences. In the premises the power is referred to; in the habendum and tenendum, the estate of the principal is expressly mentioned as passed, and in conclusion, the deed is executed by the attorney, in his character of attorney, and as for his principal. With all these references to the power of attorney, the existence of which is admitted, both parties .also claiming under the power, it seems to me that the estate of the principal passed by the deed, that it is a sufficient execution of the power in law and in equity. If the estate of the principal does not pass by the deed, then the deed is ineffectual, for it is not pretended that the attornies had any interest which could pass by the deed.
In Combe’s case, (9 Coke 75,) William Combes .and Stephen Earlie, were constituted by Thomas Combes, his attornies, “for him and in his name” to surrender his copyhold to the use of John Nicholas and his heirs, at the court of the manor; the attorneys shewed in court their authority by the writing, and the entry was made thus, “and the aforesaid William and Stephen, by the authority to them given by the aforesaid letter of attorney,, in open court, rendered back into the .hands of the lord the aforesaid tewacres,” to the use of said Joint *571 Nicholas, his heirs and assigns. It was objected, that the attornies had made the surrender in their own names, and therefore not good; that the attorney-ought to act in his name who gives the authority, for he appoints the attorney to be in his place, anti to represent his person. “It was answered and resolved by the whole court, that they have well pursued their authority: for first they shewed their letter of attorney, and then they, by the authority to them, by the aforesaid letter of attorney, rendered back &c. which is as much as if they had said, we, as attornies of Thomas Combes, surrender &c. and both these ways are sufficient; as he who has a letter of attorney to deliver seizin saith, I as attorney to J. S. deliver you seizin; or I by force of this letter of attorney, deliver you seisin; and all this is well done and a good pursuance of his outhority.” The surrender of a copyhold to Hie use of another, is a conveyance of such estate, as much as a deed of bargain and sale of a fee simple. This deed nowin question, appears to me, from beginning to end, to be an acting by the attorneys, by force of the letter of attorney, and in pursuance of the power, not as the individual act of them to whom the power of attorney was given.
Dissent ofCh, J. Bibb.
if one has an interest, and therefore may convey -or transfer something, and has also a power, and standing thus, makes a deed in his own name, with" out mention of his authority, then it may be taken to be bis own act, and binding on his own interest only; but where the act done would not be operative unless by virtue of bis power, it should be taken as done by virtue of his power. So is the resolution in Sir Edward Cluess case, (6 Coke 18.) In Comyn’s digest, title Poiar. C, 4 (folio ed. vol. 4, 373; octavo ed. p. 412,) examples are given of cases in which the act done was adjudged a good execution of a power, without notice of it, where the deed would otherwise have had no operation, or not full operation, unless taken to be in execution of the power. Amongst several others are these:
If tenant for life makes alease, without taking notice of his power to make leases, it shall be taken to *572 be in execution of his power to make leases, as other wise the leases would not have effectual continuance, 1 Vent. 328.
.DissontofCh. :h Bibb.
If devisee for life has power to sell the reversion, and he sells by bargain and sale, without notice of his power, it shall be an execution of the power; for otherwise nothing would pass but his estate for life, Í Roll. 329, b. 45; Jon. 327.
In Parker vs. Kett, (1 Ld. Ray. 658,) Holt, Chief Justice, and all the judges of King’s bench, laid down this rule in answer to the second objection taken (p. 660,) “where a man does such an act, as cannot be good by any other means hut by virtue of his authority, it shall be intended to be an execution of his authority; but where a man has an interest and authority, and does an act without reciting his authority, it shall be intended to be done by virtue of his interest.”
I acknowledge that there áre cases to be found, which, as reported, do not correspond with the principles of the cases I have cited, and in this confliction, I feel at liberty to follow what appears to me conformable to the substance and meaning of the act done, rather than stickle about the form. The objection to this deed is, as I conceive, formal; the intent to execute it by virtue of the letter of attorney, is manifest.
It seems to me that the opinions of Lord Mansfield and of Mr. Justice Wilmot, in Zouch ex. dem. Woolston vs. Woolston and al. (2 Bur. 1147,) contain the true rule upon this subject. Lord Mansfield says, “whatever is an equitable, ought to be deemed a legal execution of a power.” Justice Wilmot says, “courts of law and courts of equity ought to concur in supporting the execution of powers. They ought not to listen to nice distinctions that savour of the sophistry of the schools,' but be guided by true good sense and manly reason.” Tried by these, the deed in question is well executed. Those who executed it, liad the power to convey the land as being the estate of Melton, not of themselves, and individually they had no interest or estate, and nothing to convey. If taken to *573 be their own individual act, the deed is inoperative. if taken to be the act of Melton, done by the attorneysit is effectual. Throughout the deed they profess to act as the attorneys of Melton and to convey and pass all his estate, by virtue of their letter of attorney. No one who reads the deed can doubt the intention of the act done. The objection is, that they have said we, as the attorneys óf Melton, convey his estate, instead of saying Melton, by us his attorneys, conveys. Either way seems to bo good according to the resolution in Combes’ case. Plain men know they have a right to put their own names and seals to a deed, declaring they are acting for another by virtue of the power to them given. It requires the learning of the schools to teach them that it is not forgery to put another man’s name to a deed. The manner in which this deed is actually executed, seems to me to have followed the dictates of good sense and manly reason, the basis of the objection seems to me to have originated in the sophistry of the schools, and may be properly called a technical drill, to bore into the estates of artless men.
DisscntofCh. J. Bibb,
Talbott, for appellants.